**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | |
|---|---|
| **TRUSTEES OF THE NEW ENGLAND** : | |
| **CARPENTERS HEALTH BENEFITS FUND,** : | |
| **TRUSTEES OF THE NEW ENGLAND** : | |
| **CARPENTERS PENSION FUND and** : | |
| **TRUSTEES OF THE SOUTHERN NEW ENGLAND** : | |
| **CARPENTERS ANNUITY FUND** : | |
| : | |
| Plaintiffs : | Civil Action No. |
| : | |
| V. : | Date:  October 22, 2018 |
| : | |
| **MCM ACOUSTICS, LLC** : | |
| **MICHAEL GALLIMORE** : | |
| : | |
| Defendants : | |

_____

**COMPLAINT**

Plaintiffs, by their attorneys, Gould Killian LLP, complaining of the Defendants, allege as follows:

**PARTIES**

1.     Plaintiffs are the duly appointed Trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds"). The Connecticut

2.     The Funds are "employee benefit plans" within the meaning of Section 3(3) of The Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

§1002(3), and are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29

U.S.C. §1002(37).

3.      The defendant, MCM ACOUSTICS, LLC (hereinafter "MCM") is a Connecticut

limited liability company maintaining offices and conducting business at 151 New Park Avenue,

Hartford, Connecticut.  MCM is an "employer in an industry affecting commerce" pursuant to

ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14).

4.      The defendant, MICHEAL GALLIMORE is an individual who resides at 6 Jeffrey

Lane, Bloomfield, Connecticut.  Mr. Gallimore is the owner and Sole Member of MCM, and

makes all final decisions over payments made by the company.  Upon information and belief,

Mr. Gallimore controls every aspect of the business.

## JURISDICTION AND VENUE

5.      This is an action brought by the trustees of the New England Carpenters Pension

Fund, the New England Carpenters Health Benefits Fund, and the Southern New England

Carpenters Annuity Fund (collectively referred to herein as "Funds") to enforce the terms of the

Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. §1145.  This action arises under the laws of the United

States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).  Pursuant to Section

502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred on this Court.

6.      The Pension Fund is created, maintained and regulated by the terms of a certain

Declaration of Trust originally dated February 25, 1968, as amended, which Declaration of Trust

is presently in effect.  The Annuity Fund is created, maintained and regulated by the terms of a

certain Declaration of Trust originally dated April 1, 1979, which Declaration of Trust is presently

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

in effect.  The Health Fund is created, maintained and regulated by the terms of a certain

Declaration of Trust dated September 1, 1969, which Declaration is presently in effect.

7.     The Connecticut operations of the Funds are administered in Connecticut.  The

defendant is located in Connecticut, and the breach occurred in Connecticut.  Venue is

conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which

provides:

(2)     Where an action under this title is brought in a district court of the United States,

it may be brought in the district where the plan is administered, where the breach took place, or

where a defendant resides or may be found, and process may be served in any other district

where a defendant resides or may be found.

8.     MCM performs contracting or subcontracting work in the carpentry industry in the

State of Connecticut and employs or has employed members of the United Brotherhood of

Carpenters and Joiners of America and its affiliated local unions ("Union"), or nonmembers

working in covered employment.

### CAUSE OF ACTION

**COUNT ONE – Breach of Collective Bargaining Agreement and Failure to make benefit
contributions pursuant to ERISA**

9.     MCM, acting by and through its authorized agent or officer, executed a collective

bargaining agreement ("Agreement") with the New England Regional Council of Carpenters.

10.     Pursuant to the Agreement, MCM agreed to make certain payments to the Funds

maintained on behalf of employees performing carpentry work in covered employment.

11.     MCM agreed to be bound by the foregoing document and to make certain

contributions to the Funds.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

12.     Under the terms of said contract and of the Declarations of Trust adopted by the Boards of Trustees of the Funds, MCM is also liable for a reasonable rate of interest on said delinquent contributions until paid, plus all costs of collection, including audit fees, attorney's fees and liquidated damages in the amount of twenty (20%) percent of the delinquent contributions.

13.     Pursuant to an audit of MCM's payroll records, it is delinquent to the Funds in the amount of $9,638.08 for the time period May 1, 2017 through August 4, 2018.

14.     Based upon reports of hours worked in covered employment submitted by MCM, an additional $22,651.88 is due for August 5, 2018 through September 29, 2018.

15.     As long as MCM continues to employ workers performing covered employment, the delinquency owed to the Funds will increase during the pendency of this action.

16.     Due demand for the foregoing amount has been made upon MCM by counsel for the Funds, but to date the foregoing contributions, interest and liquidated damages due and owing to the Funds have not been paid.

17.     As a result of MCM's failure to meet its obligations under the terms of the collective bargaining agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations.  Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of MCM's failure to make contributions in accordance with the terms and conditions of the pertinent collective bargaining agreement.

**COUNT TWO – Pierce the corporate veil**

18.     The plaintiffs reallege paragraphs nine through seventeen of Count One above

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

as if more fully set forth herein as paragraph twenty through thirty of this Count Two.

19.     At all times relevant hereto, the defendant, Michael Gallimore, was the owner and sole member of MCM.

20.     Upon information and belief, at all times relevant hereto, the defendant, MCM was the mere instrumentality of Michael Gallimore, in that Mr. Gallimore exercised complete control and domination of the finances, policies and business practices of MCM, which control he exercised to prevent the payment of contributions justly owed to the funds.

**COUNT THREE – Breach of Fiduciary dutynine**

33.     The plaintiffs reallege paragraphs nine through nineteen of Count One above as if more fully set forth herein as paragraph thirty-three through forty-two of this Count Two.

43.     The delinquent contributions owed to the Funds are Trust assets pursuant to the Declarations of Trust referred to above.

44.     Michael Gallimore exercised discretionary authority or discretionary control over the management or disposition of Fund assets, in that he controlled the payment or nonpayment of the benefit contributions.

45.     Michael Gallimore controlled how the funds paid to the company were used, and used Trust assets for purposes other than payment of benefit contributions.

46.     Michael Gallimore is a fiduciary under ERISA, 29 U.S.C.A. §1002(21)(A).

47.     Michael Gallimore is personally liable for the delinquent contributions pursuant to ERISA §29 U.S.C.A. 1109(a).

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

1.     For a money judgment consisting of the following:

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

a.  For unpaid contributions due in the amount of $32,289.96 (ERISA Section 502(g)(2)(A));

b.  For interest assessed on the delinquent contributions calculated from the date due through the date of judgement at the rate of 12 percent per annum pursuant to contract and ERISA Section 502(g)(2)(B));

c.  For liquidated damages assessed on the delinquent contributions at the rate of 20 percent pursuant to contract and ERISA Section 502(g)(2)(C);

2.    For reasonable attorneys' fees and costs of this case pursuant to contract and ERISA Section 503(g)(2)(D);

3.    That the Defendants be ordered to comply with its obligations to report and to contribute to the Funds during the pendency of this action;

4.    That the Defendants be ordered to comply with its obligations to allow a Field Audit of payroll records by the Funds during the pendency of this action;

5.    Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting penalties thereon pursuant to ERISA.

Dated at Hartford, Connecticut this 22nd day of October, 2018.

PLAINTIFFS

By    /s/Nancy Gould
Nancy Gould
Fed. Bar No. CT 10567
Gould Killian LLP
280 Trumbull Street, 21st floor
Hartford, CT 06103
Phone: (860)278-1270
Fax: (860)244-9290
Email: ngould@gouldkillian.com

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240